# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN R. HALVERSON,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-02083-PMP-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases, following review of the supplemental exhibits (#10) received, as well as on Petitioner's application (#6) to proceed *in forma pauperis* and motion (#7) for appointment of counsel.  Following initial review, it appears that all claims presented in the federal petition are procedurally defaulted and that certain of the claims further fail to state a viable and/or cognizable claim for relief on their face.

## *Background*

    Petitioner Steven Halverson was convicted on December 13, 2007, pursuant to a guilty plea, of one count of conspiracy to commit robbery and one count of robbery with the use of a deadly weapon.  He was adjudicated a habitual criminal and sentenced to two consecutive terms of 84 to 216 months.  Petitioner challenged the sentence on direct appeal.  While the direct appeal was pending, Petitioner filed his first *pro se* state post-conviction petition on March 8, 2008.  The Supreme Court of Nevada affirmed on the direct appeal on January 22,

2009, and the state high court affirmed the denial of the first state post-conviction petition on April 21, 2009. Petitioner thereafter filed a second *pro se* state post-conviction petition on August 11, 2009. The state supreme court affirmed the denial of the second state petition on May 7, 2010, on the basis that all claims therein were procedurally barred under state law.

### *Pending Motions*

The pauper application will be denied as moot because Petitioner paid the filing fee with the petition. The Court has considered the application in connection with the financial eligibility requirement for appointment of counsel; but, as discussed below, the Court does not find that the interests of justice require the appointment of counsel.

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court. Absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). In the present case, taking into account the issues presented and Petitioner's demonstrated ability to articulate his requests for relief, the Court does not find that the interests of justice require the appointment of counsel. The motion therefore will be denied.

### *Procedural Default*

Pursuant to *Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998), the Court finds that the interests of comity, federalism and judicial efficiency are served by the Court *sua sponte* raising the question of whether all grounds presented are barred by procedural default.

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if

-2-

the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

A petitioner who cannot show cause and prejudice still may obtain review of his defaulted claims if he can demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. In noncapital cases, however, this exception has been recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997).

In the present case, the Supreme Court of Nevada held that the claims presented in the second state petition were procedurally barred because the petition was subject to the successive and abuse of writ provisions of N.R.S. 34.810(2). The state high court further rejected petitioner's arguments seeking to establish cause and prejudice.[1]

Petitioner acknowledges in the federal petition that federal Grounds 2, 3, and 4 were not presented in the first state petition and instead were presented in the second petition.[2]

As to federal Ground 1, petitioner's responses to the exhaustion inquiry as to this ground reflect that the ground was presented in the first state petition. However, the pages

---

[1] #8, at electronic docketing pages 42-45 (May 7, 2010, Order of Affirmance).

[2] #1, at electronic docketing pages 23, 32 & 43.

1  asserting the claims in federal Ground 1 are photocopies of state Ground 1 in the *second*
2  state petition filed on August 11, 2009.³ It thus would appear that the state supreme court's
3  procedural bar holding also applies to the claims presented in federal Ground 1, as these are
4  the same claims that were presented in the procedurally-barred second state petition.

5  Petitioner therefore must show cause why all grounds in the federal petition should not
6  be dismissed with prejudice as procedurally defaulted.

### *Facially Noncognizable and Nonviable Claims*

8  In addition, a number of claims in the federal petition are either noncognizable and/or
9  nonviable on the face of the petition without further inquiry.

10  Grounds 1-IV, 1-V and 1-VI, present claims of alleged ineffective assistance of counsel
11  with respect to the state post-conviction proceedings. In Grounds 1-IV and 1-V, petitioner
12  alleges that counsel provided ineffective assistance by participating in the first state post-
13  conviction proceedings despite allegedly knowing that the state district court allegedly had no
14  jurisdiction over the proceeding while the direct appeal was pending. In Ground 1-VI,
15  petitioner alleges that counsel failed to release all case files so that petitioner could pursue
16  post-conviction remedies.

17  The Sixth Amendment right to counsel does not extend to state post-conviction
18  proceedings. Petitioner thus cannot establish constitutional "ineffective assistance" of counsel
19  with regard to the state post-conviction proceedings. *See,e.g., Martinez v. Shriro*, 623 F.3d
20  731, 742 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. (Feb. 3, 2011)(No. 10-1001).

21  Grounds 1-IV, 1-V and 1-VI therefore fail to state a claim upon which relief may be
22  granted on their face.⁴

---

24  ³#1, at electronic docketing page 12 (exhaustion response); compare #1, at electronic docketing pages 4-11 (federal Ground 1) with #10, at electronic docketing pages 34-41 (Ground 1 in the second state petition).

26  ⁴Petitioner includes allegations in Ground 1-VI that counsel failed to advise him of the issuance of the decision and remittitur on the direct appeal, "fully aware of the fact that if he kept the Petitioner ilinformed [sic], that his time to continue his appeal would expire and the Petitioner would be barred from perfecting his appeal based upon LATCHES [sic] . . . ." #1, at electronic docketing page 11. The Court notes that the
(continued...)

In a similar vein, Ground 2-I and 2-III seek to present independent substantive claims with regard to the state post-conviction proceedings. In Ground 2-I, petitioner alleges that the State improperly participated in the first state post-conviction proceedings despite the alleged absence of jurisdiction over the proceeding due to the pendency of the direct appeal. In Ground 2-III, petitioner alleges that the state district order on the first state post-conviction petition was invalid because it was written by adversary counsel rather than the court and was issued without legal jurisdiction or authority. Alleged errors in state post-conviction proceedings are not cognizable on federal habeas review. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

Petitioner therefore will be directed to show cause why Grounds 1-IV, 1-V, 1-VI, 2-I, and 2-III should not be dismissed for failure to state a claim upon which relief may be granted.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing: (a) why all grounds presented in the federal petition should not be dismissed with prejudice on the basis of procedural default; and (b) why Grounds 1-IV, 1-V, 1-VI, 2-I, and 2-III should not be dismissed for failure to state a claim upon which relief may be granted.

IT FURTHER IS ORDERED that Petitioner's application (#6) to proceed *in forma pauperis* and motion (#7) for appointment of counsel both are DENIED.

If petitioner does not timely respond to this order, all remaining grounds in the petition will be dismissed with prejudice. If petitioner responds but fails to demonstrate, with competent supporting evidence, that the grounds in the petition are not subject to dismissal, the claims in the petition will be dismissed on the basis of procedural default and/or for failure to state a claim as applicable.

All assertions of fact must be specific as to time and place and supported by competent evidence. Any assertions of fact not made pursuant to an affidavit, declaration

---

[4](...continued)
second state petition was rejected on the basis of successive petition and abuse of writ rules rather than on the basis of untimeliness or laches.

under penalty of perjury, or other competent and admissible evidence will be disregarded by the Court.

DATED: April 6, 2011.

_____
PHILIP M. PRO
United States District Judge