# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN R. HALVERSON,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:10-cv-02083-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether all grounds in the Petition are barred by procedural default and further whether certain claims fail to state a viable and/or cognizable claim upon which relief may be granted. This order follows upon the Court's earlier show cause order (#11) and Petitioner's response (#16) thereto.

### *Background*

Petitioner Steven Halverson was convicted on December 13, 2007, pursuant to a guilty plea, of one count of conspiracy to commit robbery and one count of robbery with the use of a deadly weapon. He was adjudicated a habitual criminal and sentenced to two consecutive terms of 84 to 216 months. Petitioner challenged the sentence on direct appeal. While the direct appeal was pending, Petitioner filed his first state post-conviction petition *pro se* on March 8, 2008. The Supreme Court of Nevada affirmed on the direct appeal on January 22, 2009, and the state high court affirmed the denial of the first state post-conviction petition on April 21, 2009.

Petitioner thereafter filed a second state post-conviction petition *pro se* on August 11, 2009. The state supreme court affirmed the denial of the second petition on May 7, 2010, on the basis that all claims therein were procedurally barred under state law. The state high court held that the claims presented in the second petition were procedurally barred because the petition was subject to the successive and abuse of writ provisions of N.R.S. 34.810(2). The court further rejected petitioner's arguments seeking to overcome the default.[1]

Petitioner acknowledged in the federal petition that federal Grounds 2, 3, and 4 were not presented in the first state petition and instead were presented in the second petition.[2] As to federal Ground 1, petitioner's responses to the exhaustion inquiry as to this ground reflected that the ground was presented in the first state petition. However, the pages asserting the claims in federal Ground 1 are photocopies of state Ground 1 in the *second* state petition filed on August 11, 2009.[3] The Court therefore directed Petitioner to show cause why the entire federal petition should not be dismissed with prejudice on the basis that, *inter alia*, all grounds raised in the federal petition were procedurally defaulted.

### *Procedural Default*

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

---

[1] #8, at electronic docketing pages 42-45 (May 7, 2010, Order of Affirmance).

[2] #1, at electronic docketing pages 23, 32 & 43.

[3] #1, at electronic docketing page 12 (exhaustion response); compare #1, at electronic docketing pages 4-11 (federal Ground 1) with #10, at electronic docketing pages 34-41 (Ground 1 in the second state petition).

1  To demonstrate cause for a procedural default, the petitioner must establish that some
2 external and objective factor impeded his efforts to comply with the state's procedural rule.
3 *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986);
4 *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To satisfy the prejudice requirement, he
5 must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d
6 613, 617 (9th Cir. 1998).  Both cause and prejudice must be established. *Murray*, 477 U.S.
7 at 494, 106 S.Ct. at 2649.

8  A petitioner who cannot show cause and prejudice still may obtain review of his
9 defaulted claims if he can demonstrate that the failure to consider the claims would result in
10 a fundamental miscarriage of justice. In noncapital cases, however, this exception has been
11 recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v.*
12 *Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997).

13  In the present case, the Supreme Court of Nevada held that the claims presented in
14 the second state petition were procedurally barred because the petition was subject to the
15 successive and abuse of writ provisions of N.R.S. 34.810(2). The state high court further
16 rejected petitioner's arguments seeking to overcome the procedural bar.[4]

17  Petitioner seeks to establish cause in order to overcome the procedural default of the
18 claims in the second state petition on the basis that: (a) the state district court allowed his trial
19 counsel to withdraw without appointing new counsel for the appeal, thereby denying him his
20 Sixth Amendment right to effective assistance of counsel on the direct appeal; (b) trial counsel
21 (who, as noted below, in fact was not permitted to withdraw as appellate counsel by the state
22 supreme court) thereafter did not communicate with him as to the proper procedures to follow
23 to seek post-conviction relief; and (c) inmates at the prison law library incorrectly advised him
24 to file the first petition immediately to avoid losing his right to have his claims heard. Petitioner
25 maintains that these circumstances caused him to file his first petition in error.

26  These alleged circumstances do not demonstrate cause.

---

[4] #8, at electronic docketing pages 42-45 (May 7, 2010, Order of Affirmance).

An alleged deprivation[5] of and/or alleged ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. *E.g., Smith v. Idaho*, 392 F.3d 350, 357 (9th Cir. 2004). Petitioner had no constitutional right to counsel in the state post-conviction proceedings. Any alleged failure of direct appeal counsel to advise petitioner *with regard to the post-conviction proceedings*, as to which he had no constitutional right to counsel, therefore did not constitute constitutional ineffective assistance of counsel as would support a finding of cause. *See, e.g., Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002)(erroneous advice of direct appeal counsel regarding post-conviction remedies did not present constitutional ineffective assistance).[6]

*A fortiori,* alleged improper advice from other inmates as to post-conviction procedure cannot establish cause. *See, e.g., Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988).

Petitioner further urges that his second petition in truth was his first petition because the state district court allegedly did not have jurisdiction over the first petition while his direct appeal was pending.

The Supreme Court of Nevada expressly rejected petitioner's state law argument in this regard:

> Appellant first claimed that he had good cause because he believed the district court lacked jurisdiction to consider his first petition while the direct appeal was pending in this court. Thus, he argued the August 11, 2009 petition should be considered the first petition. Appellant's belief is mistaken. A post-conviction

---

[5] Petitioner in fact was not deprived of counsel on direct appeal. While the state district court granted counsel's motion to withdraw, the governing state procedural rules do not permit trial counsel to withdraw without the permission of the state supreme court. The state high court requires that trial counsel generally pursue the appeal. A state criminal defendant's loss of confidence in his counsel and/or his filing of a bar association complaint does not automatically require the appointment of new counsel. *See* #10, at electronic docketing pages at 22-23 (Nevada Supreme Court's March 18, 2008, order denying counsel's motion to withdraw). Petitioner thus was represented by counsel on the direct appeal.

[6] Moreover, it appears that petitioner did not raise an independent claim of ineffective assistance of appellate counsel that is pertinent to this cause argument. He thus may not rely upon such alleged ineffective assistance to demonstrate cause. *See Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003). Any such claim *arguendo* presented in the second state petition would be procedurally defaulted, and a procedurally-defaulted claim of ineffective assistance may not be relied upon to establish cause. *Id.*

>petition for a writ of habeas corpus is an independent proceeding that seeks collateral review of the conviction, and thus, it may be litigated contemporaneously with the direct appeal and a pending direct appeal would not divest the district court of jurisdiction to consider the collateral petition.  NRS 34.724(2)(a) (providing that a habeas corpus petition is not a substitute for and does not affect the remedy of direct review); NRS 34.730(3) (providing that the clerk of the district court shall file a habeas corpus petition as a new action separate and distinct from any original proceeding in which a conviction has been had); Daniels v. State, 100 Nev. 579, 580, 688 P.2d 315, 316 (1984)(recognizing that a post-conviction proceeding is separate from the direct appeal); Groesbeck v. Warden, 100 Nev. 259, 260, 679 P.2d 1268, 1268-69 (1984) (recognizing that a post-conviction habeas corpus petition is a petition seeking collateral review).[FN3]  Therefore, the district court did not err in rejecting this good cause argument.
>
>>[FN3].  Appellant's reliance on *Buffington v. State*, 110 Nev. 124, 868 P.2d 643 (1994), was misplaced as Buffington would not divest the district court from considering collateral matters.

May 7, 2010, Order of Affirmance (#8, at electronic docketing pages 42-45), at 2.

Petitioner argues at length that the Supreme Court of Nevada was wrong in this state law holding.  The Supreme Court of Nevada is the final arbiter of Nevada state law.  A federal court has no authority to reach a conclusion on a point of Nevada law contrary to the holdings of Nevada's highest court.  Petitioner therefore cannot establish cause based upon this argument.

Petitioner has failed to establish cause, and he has not presented any argument or evidence that would tend to establish actual innocence.  All claims in the federal petition that were presented in the second state petition accordingly are procedurally defaulted.

Petitioner states that the Court should hear at least the claims in his first state petition.  As discussed above, however, it appears that all of the claims in the federal petition were presented in the second state petition.  Petitioner has not demonstrated in his show cause response that any of the claims in the federal petition – the pages of which are photocopied from the *second* state petition – instead were presented in the first state petition.  The only claims before the Court therefore are procedurally defaulted.

For the foregoing reasons, the Petition will be dismissed with prejudice because all claims therein are procedurally defaulted.

***Facially Noncognizable and Nonviable Claims***

Petitioner further has made no attempt to demonstrate that Grounds 1-IV, 1-V, 1-VI, 2-I and 2-III present cognizable and viable claims.

Grounds 1-IV, 1-V and 1-VI, present claims of alleged ineffective assistance of counsel with respect to the state post-conviction proceedings. In Grounds 1-IV and 1-V, petitioner alleges that counsel provided ineffective assistance by participating in the first state post-conviction proceedings despite allegedly knowing that the state district court allegedly had no jurisdiction over the proceeding while the direct appeal was pending. In Ground 1-VI, petitioner alleges that counsel failed to release all case files so that petitioner could pursue post-conviction remedies.

As noted above, the Sixth Amendment right to counsel does not extend to state post-conviction proceedings. Petitioner thus cannot establish constitutional "ineffective assistance" of counsel with regard to the state post-conviction proceedings. *See,e.g., Martinez v. Shriro*, 623 F.3d 731, 742 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. (Feb. 3, 2011)(No. 10-1001).

Grounds 1-IV, 1-V and 1-VI therefore fail to state a claim upon which relief may be granted on their face.[7]

In a similar vein, Ground 2-I and 2-III seek to present independent substantive claims with regard to the state post-conviction proceedings. In Ground 2-I, petitioner alleges that the State improperly participated in the first state post-conviction proceedings despite the alleged absence of jurisdiction over the proceeding due to the pendency of the direct appeal. In Ground 2-III, petitioner alleges that the state district order on the first state post-conviction petition was invalid because it was written by adversary counsel rather than the court and was

---

[7]Petitioner includes allegations in Ground 1-VI that counsel failed to advise him of the issuance of the decision and remittitur on the direct appeal, "fully aware of the fact that if he kept the Petitioner ilinformed [sic], that his time to continue his appeal would expire and the Petitioner would be barred from perfecting his appeal based upon LATCHES [sic] . . . ." #1, at electronic docketing page 11. The Court notes that the second state petition was rejected on the basis of successive petition and abuse of writ rules rather than on the basis of untimeliness or laches.

1 issued without legal jurisdiction or authority.  Alleged errors in state post-conviction
2 proceedings are not cognizable on federal habeas review.  *See,e.g., Franzen v. Brinkman*,
3 877 F.2d 26 (9th Cir. 1989).

4 Grounds 1-IV, 1-V, 1-VI,2-I, and 2-III accordingly, in the alternative, are subject to
5 dismissal for failure to state a claim upon which relief may be granted.

6 IT THEREFORE IS ORDERED that the Petition shall be DISMISSED with prejudice
7 on the basis of procedural default.

8 IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Reasonable
9 jurists would not find debatable or wrong the district court's dismissal of the Petition on the
10 basis of procedural default.  Petitioner's arguments seeking to establish cause excusing the
11 procedural default of the claims in the Petition are without any arguable merit, for the reasons
12 discussed above in the text.

13 The Clerk of Court shall enter final judgment accordingly, in favor of Respondents and
14 against Petitioner, dismissing this action with prejudice.[8]

15 DATED:  May 16, 2011.

_____
PHILIP M. PRO
United States District Judge

---

[8] The Court notes that informal electronic service previously has been effected on Nevada's Attorney General.  No response is required from Respondents other than to respond to any orders of a reviewing court.